# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-1012V
Filed: December 1, 2015
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

GARRY REHN,                              \*
                                         \*
                 Petitioner,             \*
                                         \*
v.                                       \*
                                         \*
SECRETARY OF HEALTH                      \*
AND HUMAN SERVICES,                      \*
                                         \*
                 Respondent.             \*
                                         \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Interim attorneys' fees and costs decision; respondent objects to interim fee award; good faith; reasonable basis

<u>Phyllis Widman</u>, Neptune, NJ, for petitioner.
<u>Adriana R. Teitel</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**

## <u>DECISION AWARDING INTERIM ATTORNEYS' FEES</u>[1]

On September 16, 2015, petitioner filed a Motion for Interim Attorneys' Fees on Behalf of Prior Attorney, requesting that the Court award petitioner $14,152.65 in interim attorneys' fees and costs.  Petitioner's counsel filed the motion on behalf of attorney Randall Knutson, petitioner's prior counsel.  No decision on entitlement has been issued.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.  When such a decision is filed, petitioner has 14 days to identify and move to delete such information prior to the document's disclosure.  If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall delete such material from public access.

For the reasons set forth below, the undersigned awards petitioner $14,152.65 for interim attorneys' fees and costs incurred up to and including June 2, 2015, when Mr. Knutson withdrew from the case.

**PROCEDURAL HISTORY**

On October 20, 2014, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012), alleging that he suffered reactive airway disease, acute respiratory distress, tachypnea, fever, cough, shortness of breath, chest tightness, headache, body aches, dizziness and weakness, pneumonia, pleurisy, and pancreatitis caused by the influenza ("flu") vaccination he received on October 26, 2011.  Pet. at 1.  On November 5, 2015, petitioner filed numerous medical records on compact disc.  Due to the number and complexity of the medical records that petitioner filed, the undersigned issued an Order on December 8, 2014, summarizing the medical records and identifying what petitioner must prove in order to prevail.

During a status conference on December 15, 2014, Mr. Knutson said he would attempt to get an opinion from one of petitioner's treating physicians.  Mr. Knutson was still waiting to hear back from two of petitioner's treating physicians during the next status conferences on February 5, 2015 and February 20, 2015.  On March 6, 2015, Mr. Knutson informed the undersigned that petitioner's treating doctors do not support petitioner's allegations that his symptoms were caused by the flu vaccine.  He said he would speak with Mr. Rehn to see how he wanted to proceed.  In a status report filed on March 13, 2015, petitioner stated he was planning to continue in the Program and was seeking another medical opinion to support his case.  During a status conference on May 13, 2015, Mr. Knutson reported that he was still trying to obtain an expert report, and that he had an appointment to see a primary care physician in Illinois to discuss the case.

On June 1, 2015, petitioner filed a Motion to Substitute Attorney Phyllis Widman in place of Randall Knutson.  The motion was granted on June 2, 2015.  On July 31, 2015, petitioner filed a letter written by Jenny Enstrom, PA-C, dated January 29, 2015.  Med. recs. Ex. 11, at 2.  According to the received stamp on the exhibit, it appears that Mr. Knutson did not receive the letter until February 20, 2015.  Id.  In the letter, the physician's assistant stated she could not "directly relate Mr. Rehn's recent medical conditions with receiving the flu shot."  Id.

On August 27, 2015, Mr. Knutson filed a Motion for Interim Attorneys' Fees and Costs.  The motion was stricken pursuant to the undersigned's order, as Mr. Knutson was no longer the attorney of record, and therefore could not file documents in the case.  On September 16, 2015, Ms. Widman, the attorney of record in the case, filed the motion on behalf of Mr. Knutson.

Respondent filed her response to petitioner's Motion for Interim Attorneys' Fees and Costs on October 1, 2015.  Petitioner filed a reply to respondent's response on October 15, 2015.

This matter is now ripe for adjudication.

## FACTUAL HISTORY

Petitioner has a history of elevated triglycerides.  See Med. recs. Ex. 8, at 61, 133, and 178.  He was diagnosed with chronic pain syndrome on May 25, 2011, approximately five months before he received the flu vaccine.  Med. recs. Ex. 10, at 111.  The day he received the flu vaccine, the PA noted petitioner had a history of anxiety, hypertension, lipid disorder, muscle cramps, hypertriglyceridemia, chronic pain, obstructive sleep apnea, and a herniated disc.  Med. recs. Ex. 3, at 1.  Petitioner was also under stress from his family, had chronic back pain, herniated discs, muscle cramps in his calves, and a family history of high blood pressure.  Id.

On November 1, 2011, petitioner telephoned his personal care physician and told Jennifer L. Victor he had been symptomatic since receiving the flu shot on October 26, 2011, six days earlier.  Id. at 6.  He complained of an upper respiratory infection, nasal congestion, and a runny nose.  Id. at 7.  He told RN Alicia R. Johnson that he had symptoms including nasal drainage, sinus headache, body aches, coughing, and a fever of 100 degrees.  Id.  He had taken Tamiflu but it did not help relieve his symptoms.  Id.  Petitioner said his symptoms were becoming progressively worse.  Id.

On November 2, 2011, petitioner visited the Allina-Cambridge Medical Center Emergency Department complaining of shortness of breath, non-productive cough for the last nine days (two days before petitioner's vaccination), tightness of his right anterior chest, and pain going down his chest, back, and both sides.  Med. recs. Ex. 4, at 1.  He denied having any chills or fever, although he had reported these symptoms earlier to RN Johnson.  Id.  On the same day, petitioner visited Dr. Jennifer A. Lessard.  Id. at 11.  He told her his symptoms of rhinorrhea, sore throat, headache, and fatigue started nine days earlier, which would put the onset of the symptoms two days before he received flu vaccine.  Id. at 12.  Petitioner said that three days before the visit he felt like an elephant was sitting on his chest.  Id.  He was transferred to Abbott Northwestern Hospital.  Id.

At Abbot Northwestern Hospital, petitioner saw Dr. Paul J. Odenbach.  Med. recs, Ex. 5, at 1.  Petitioner again told Dr. Odenbach that his symptoms began nine days earlier, which puts onset two days before his vaccination.  Id.  Petitioner's sister noted that the symptoms started after petitioner used his CPAP machine for the first time.  Id.  Petitioner was hospitalized from November 2-7, 2011 and diagnosed with reactive airway disease and pneumonia.  Med. recs. Ex. 3 at 13.

During a doctor's visit on November 14, 2011, PA Enstrom noted petitioner had tightness in his chest, shortness of breath with occasional wheezing, and swelling in his lower legs and ankles.  Id.  During a visit on December 1, 2011, petitioner had a clear runny nose and PA Enstrom diagnosed him with pleurisy.  Id. at 18.

From December 2-11, 2011, petitioner was hospitalized for acute pancreatitis.  Med. recs. Ex. 5, at 31.

On May 30, 2012, petitioner visited Dr. Irshad H. Jafri, who conducted a CT scan of his pancreas. Med. recs. Ex. 3, at 99. Dr. Jafri did not find any evidence of pancreatitis in the CT scan. Id. Petitioner's pancreatic enzymes were normal. Id. Dr. Jafri concluded that petitioner had a history of chronic abdominal pain. Id. at 100.

PA Enstrom noted on September 10, 2012 that petitioner had cysts on his pancreas but an endoscopic ultrasound did not show evidence of chronic pancreatitis. Id. at 145.

On June 3, 2013, she noted that petitioner started taking Norvasc in place of Lisinopril in October 2012 due to concerns that the Lisinopril was causing petitioner's pancreatitis. Id. at 207.

On March 25, 2014, petitioner went to the emergency room due to chest pain. A pacemaker and defibrillator were implanted into petitioner. Id. at 276. Petitioner was hospitalized from March 25-28, 2014. Id.

## DISCUSSION

### I.     Entitlement to Fees Under the Vaccine Act

Under the Vaccine Act, a special master or the U.S. Court of Federal Claims may award fees and costs for an unsuccessful petition if "the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." 42 U.S.C. § 300aa-15(e)(1); Sebelius v. Cloer, 133 S. Ct. 1886, 1893 (2013).

"Good faith" is a subjective standard. Hamrick v. Sec'y of HHS, No. 99-683V, 2007 WL 4793152 at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007). A petitioner acts in "good faith" if he or she holds an honest belief that a vaccine injury occurred. Turner v. Sec'y of HHS, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Petitioners are "entitled to a presumption of good faith." Grice v. Sec'y of HHS, 36 Fed. Cl. 114, 121 (Fed. Cl. 1996).

"Reasonable basis" is not defined in the Vaccine Act or Program rules. It has been determined to be an "objective consideration determined by the totality of the circumstances." McKellar v. Sec'y of HHS, 101 Fed. Cl. 297, 303 (Fed. Cl. 2011). In determining reasonable basis, the court looks "not at the likelihood of success [of a claim] but more to the feasibility of the claim." Turner, 2007 WL 4410030, at *6 (citing Di Roma v. Sec'y of HHS, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). Factors to be considered include factual basis, medical support, jurisdictional issues, and the circumstances under which a petition is filed. Turner, 2007 WL 4410030, at *6–*9. Traditionally, special masters have been "quite generous" in finding reasonable basis. Turpin v. Sec'y of HHS, No. 99-564V, 2005 WL 1026714, at *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005); see also Austin v. Sec'y of HHS, 10-362V, 2013 WL 659574, at *8 (Fed. Cl. Spec. Mstr. Jan. 31, 2013) ("The policy behind the Vaccine Act's extraordinarily generous provisions authorizing attorney fees and costs in unsuccessful cases—ensuring that litigants have ready access to competent representation—militates in favor

of a lenient approach to reasonable basis."). Special masters have found reasonable basis to file a claim absent medical records or opinions supporting vaccine causation. See Austin, 2013 WL 659574, at *8; Hamrick, 2007 WL 4793152.

## II.    Interim Fee Awards are Appropriate Under the Vaccine Act

The Federal Circuit ruled that interim fee awards are permissible under the Vaccine Act in Avera v. Secretary of Health and Human Services, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The Federal Circuit again found interim fee awards appropriate under the Vaccine Act in Shaw v. Secretary of Health and Human Services, 609 F.3d 1372 (Fed. Cir. 2010). See also Cloer v. Sec'y of HHS, 675 F.3d 1358, 1361–62 (Fed. Cir. 2012), aff'd sub nom. Sebelius v. Cloer, 133 S. Ct. 1886 ("Congress made clear that denying interim attorneys' fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act."); Vaccine Rule 13(b) (mentioning "interim fees").

Subsequently, a number of judges and many special masters have found interim fee awards permissible under various circumstances. See, e.g., Woods v. Sec'y of HHS, 105 Fed. Cl. 148, 154 (Fed. Cl. 2012) (Judge Williams affirmed the special master's award of interim fees and suggested that when counsel withdraws, and it is unknowable how long case resolution might take, an interim award may be appropriate); Friedman v. Sec'y of HHS, 94 Fed. Cl. 323, 334 (Fed. Cl. 2010) (Judge Damich found that the statute permits interim fee awards and that the special master acted within his discretion in choosing not to award interim fees); Doe/11 v. Sec'y of HHS, 89 Fed. Cl. 661, 668 (Fed. Cl. 2009) (Judge Williams reversed the special master's denial of interim fees); Bear v. Sec'y of HHS, No. 11-362V, 2013 WL 691963, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2013) (Special Master Hastings awarded interim fees over respondent's objection in a case where petitioner's counsel was going to withdraw, and the petition had been pending for more than 19 months); Lumsden v. Sec'y of HHS, No. 97-588, 2012 WL 1450520, at *6 (Fed. Cl. Spec. Mstr. Mar. 28, 2012) (Former Chief Special Master Vowell awarded interim fees in an autism case over respondent's objection when petitioner's attorney was withdrawing from the case); Edmonds v. Sec'y of HHS, No. 04-87V, 2012 WL 1229149, at *13 (Fed. Cl. Spec. Mstr. Mar. 22, 2012) (Then-Chief Special Master Campbell-Smith awarded interim fees over respondent's objection in an autism case in which petitioner's counsel was preparing to withdraw); Dudash v. Sec'y of HHS, No. 09-646V, 2011 WL 1598836, at *6 (Fed. Cl. Spec. Mstr. Apr. 7, 2011) (Special Master Moran found an award of interim fees appropriate); Burgess v. Sec'y of HHS, No. 07-258V, 2011 WL 159760, at *2 (Fed. Cl. Spec. Mstr. Jan. 3, 2011) (Former Special Master Lord awarded interim attorneys' fees in a case where petitioners were soon to be represented by other counsel).

## III.    Interim Fees are Appropriate in This Case

In Avera, the Federal Circuit held that while interim fees are not banned by the statute, they were not appropriate in that case because appellants sought only interim fees pending appeal. 515 F.3d at 1352. The Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. In denying an interim fee award, the Federal Circuit reasoned, "The amount of fees here was not substantial;

5

appellants had not employed any experts; and there was only a short delay in the award pending the appeal." <u>Id.</u>

In <u>Shaw</u>, the Federal Circuit clarified that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375. The U.S. Court of Federal Claims and several special masters have found an interim fee award appropriate when petitioner's counsel withdraws from the case. <u>See</u> <u>Woods</u>, 105 Fed. Cl. at 154; <u>Bear</u>, 2013 WL 691963 at *5; <u>Lumsden</u>, 2012 WL 1450520 at *6; <u>Edmonds</u>, 2012 WL 1229149 at *13; <u>Burgess</u>, 2011 WL 159760 at *2.

### a.   Good Faith & Reasonable Basis

Petitioner is entitled to a presumption of good faith, and respondent does not contest that the petition was filed in good faith. Resp. at 6. There is no evidence that this petition was brought in bad faith. Therefore, the undersigned finds that the good faith requirement is present.

However, respondent does contest that this petition is supported by a reasonable basis. Respondent asserts that petitioner has the burden to demonstrate affirmatively reasonable basis. <u>McKellar</u>, 101 Fed. Cl. at 305. She argues that there was no reasonable basis in this case because Mr. Knutson was unable to find a doctor linking petitioner's pancreatitis to his flu vaccine. <u>Id.</u> at 2. While she recognizes that petitioner filed his petition on the eve of the statute of limitations, respondent argues "presuming reasonable basis in the absence of any supporting evidence simply because counsel filed the claim on the eve of the expiration of the statute of limitations" would render the reasonable basis requirement meaningless. Resp. at 7. In addition, respondent argues that Mr. Knutson had time to investigate petitioner's claim, because, while the petition was filed close to the statute of limitations, the billing records reveal that petitioner first contacted Mr. Knutson on May 19, 2014, giving Mr. Knutson five months to investigate his claim. <u>Id.</u>; <u>see</u> Pet'r's Motion, Tab 3 at 1. Respondent also asserts that if the undersigned finds that a reasonable basis existed at the time of filing the petition, petitioner's counsel lost that reasonable basis on February 20, 2015 the date he received the opinion letter from PA Enstrom stating she could not link petitioner's medical conditions to his receipt of the flu shot. Med. recs. Ex. 11, at 2.

In contrast, petitioner asserts that he has met his burden to demonstrate reasonable basis. Petitioner argues that he filed the petition when the statute of limitations was about to expire, assuming that his treating doctors supported his claim. Reply at 3. Once petitioner's treaters were unwilling to provide an opinion linking petitioner's injuries to the flu vaccine, petitioner's former counsel Mr. Knutson removed himself from prosecuting the claim. <u>Id.</u>

This petition was filed six days prior to the expiration of the three-year statute of limitations. Claims filed near the expiration of the statute of limitations have traditionally received the most lenient treatment when analyzing reasonable basis. <u>See</u> <u>Austin</u>, 2013 WL 659574, at *9. ("[S]pecial masters have recognized that the ability to investigate adequately a claim is constrained by the need to file quickly to preserve the claim, and have found the balance

between these competing obligations favors filing."). <u>Id.</u>   While it is true that the billing records reveal that petitioner first contacted counsel about the case almost five months from the expiration of the statute of limitations, the undersigned notes that because the Vaccine Act allows counsel to bill only for time spent on the case after the petition is filed, petitioner's counsel cannot be expected to investigate his client's claims in great detail before the petition is filed. This is especially true in this case, because, as the undersigned noted in her December 8, 2014 Order, the medical records in this case are extremely complex and voluminous.  Here, given the looming statute of limitations, a lenient approach to assessing reasonable basis is appropriate, despite the fact that petitioner contacted his former counsel five months before the statute of limitations expired.

Petitioner has filed medical records showing that he received the flu vaccine, a vaccine covered in the Vaccine Injury Table, on October 26, 2011.  Med. recs. Ex. 8, at 3. Petitioner's medical records are voluminous and complicated; it is understandable that it took counsel time to review them to determine whether petitioner's claims are properly supported. The undersigned finds that the facts demonstrated in the medical records combined with the impending expiration of the statute of limitations gave petitioner a reasonable basis to file the petition, obtain the relevant medical records, and attempt to find an expert to support his allegations.

Respondent argues that this reasonable basis was lost when petitioner's counsel received the letter from PA Enstrom on February 20, 2015, and, as a result, Mr. Knutson should not receive any attorneys' fees for his work on the case after that date.  However, the majority of time billed by Mr. Knutson after February 20, 2015 involves Mr. Knutson speaking to his client, attempting to find other experts to support his case, finding another attorney to take over petitioner's case, and drafting the paperwork for substitution of attorney.  Mr. Knutson spent less than three months attempting to find another expert.  It was reasonable for Mr. Knutson to try to find an expert to support petitioner's case after he spoke to his client about PA Enstrom's letter and his client decided to go forward with his claim.  When he realized he would not be able to find an expert to support petitioner's allegations, he helped petitioner find another attorney.  Mr. Knutson spent the rest of his time on the case participating in status conferences and reviewing orders, which is necessary for any attorney to do when he is the attorney of record.  Therefore, the undersigned finds that Mr. Knutson's billings for the work he did after February 20, 2015 are reasonable.

### b.  Protracted Proceedings

Additionally, interim attorneys' fees and costs are appropriate because waiting for the conclusion of the case would place an undue hardship on petitioner.  As previously mentioned, many special masters have found that the withdrawal of counsel can constitute undue hardship. <u>See</u> <u>Woods</u>, 105 Fed. Cl. at 154; <u>Bear</u>, 2013 WL 691963 at *5; <u>Lumsden</u>, 2012 WL 1450520 at *6; <u>Edmonds</u>, 2012 WL 1229149 at *13; <u>Burgess</u>, 2011 WL 159760 at *2.  The petition has been pending for thirteen months.  While petitioner has retained new counsel, his new counsel is still attempting to complete the medical record.  No expert reports have been filed, and respondent has not yet filed her Rule 4(c) Report.  If petitioner decides to continue to pursue his claim, it

may be months to years before an entitlement ruling is issued.  Thus, the undersigned rejects respondent's objection to an award of interim fees and costs at this juncture and finds an award of interim fees and costs appropriate.

## IV.    Reasonable Attorneys' Costs

Attorneys' costs must be reasonable as well.  See Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992) ("The conjunction 'and' conjoins both 'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both.  Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs.").  Respondent did not raise any objections to the costs Mr. Knutson requested.  The undersigned has reviewed Mr. Knutson's costs and finds them to be reasonable.  Therefore, the undersigned awards $2,510.65, the full amount petitioner requests, for reimbursement of Mr. Knutson's costs.

## CONCLUSION

The undersigned finds an award of interim attorneys' fees and costs appropriate.  In sum, the undersigned awards to petitioner the following amount for interim attorneys' fees and costs:

**Attorneys' fees for Randall Knutson:**
Requested:    26.6 hours at $295 per hour = $7,847.00
Awarded:    26.6 hours at $295 per hour = **$7,847.00**

**Paralegal fees:**
Requested:    50.6 hours at $75 per hour = $3,795.00
Awarded:    50.6 hours at $75 per hour = **$3,795.00**

**Costs:**
Requested:    $2,510.65
Awarded:    **$2,510.65**

**Total interim fees and costs:**
Requested:    $14,152.65
Awarded:    **$14,152.65**

The undersigned finds this amount to be reasonable and awards **$14,152.65**, representing reimbursement for interim attorneys' fees and costs.  The award shall be in the form of a check made payable jointly to petitioner and Widman Law Firm, LLC in the amount of **$14,152.65**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

**IT IS SO ORDERED.**

Dated:  December 1, 2015                                    /s/ Laura D. Millman
                                                         Laura D. Millman
                                                         Special Master