# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-1012V
Filed: June 9, 2016
Not for Publication

```
*************************************
GARRY REHN,                          *
                                     *
            Petitioner,              *
                                     *
v.                                   *    Petitioner's second motion for
                                     *    interim attorneys' fees and costs;
SECRETARY OF HEALTH                  *    respondent does not object in part;
AND HUMAN SERVICES,                  *    interim attorneys' fees granted in
                                     *    part
            Respondent.              *
                                     *
*************************************
```

<u>Garry Rehn</u>, North Branch, MN, *pro se*.
<u>Adriana R. Teitel</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION PARTIALLY AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On April 20, 2016, petitioner filed a second motion for interim attorneys' fees and costs through Phyllis Widman, his attorney at the time.[2] Petitioner requests $22,830.00 in attorneys' fees for Ms. Widman's work on the case, $3,687.50 for work done by petitioner's former attorney Randall Knutson, and $3,245.01 in costs, for a total of $29,762.51. On June 3, 2016,

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access. Because this is a *pro se* case, the original decision contained the undersigned's signature. The posted decision includes the special master's electronic signature.

[2] On December 1, 2015, the undersigned granted petitioner's first motion for interim attorneys' fees and costs, awarding $14,152.65 in interim fees and costs to Mr. Knutson. <u>Rehn v. Sec'y of HHS</u>, No. 14-1012V, 2015 WL 9412813, at *1 (Fed. Cl. Dec. 1, 2015), <u>aff'd</u>, 126 Fed. Cl. 86 (Fed. Cl. 2016).

respondent filed her response to petitioner's motion. In her response, respondent says she does not object to the fees requested for Mr. Knutson's work. Resp. at 1. Respondent does, however, raise numerous objections to Ms. Widman's requested interim attorneys' fees and costs.

Mr. Knutson billed 12.50 hours in the case, primarily for his work on respondent's appeal of the undersigned's first interim attorneys' fees and costs decision. The undersigned finds this amount reasonable. Based on the reasonableness of petitioner's request and the lack of opposition, the undersigned **GRANTS** petitioner's request for attorneys' fees and costs with regard to Mr. Knutson's supplemental fees. However, the undersigned is not deciding the issue of Ms. Widman's interim attorneys' fees and costs at this time.

**Accordingly, the undersigned awards the total amount of $3,687.50** as a lump sum in the form of a check payable jointly to petitioner and Knutson and Casey Law Firm.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

Dated: June 9, 2016                                                                 /s/ Laura D. Millman
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Laura D. Millman
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.