ORIGINAL

# In the United States Court of Federal Claims
No. 14-1012V

(Filed: March 2, 2017)

(Reissued: March 15, 2007)

**FILED**

MAR 1 5 2017

U.S. COURT OF
FEDERAL CLAIMS

**(NOT TO BE PUBLISHED)**

```
*************************************
                                      )
                                      )
GARRY REHN,                           )
                                      )
              Petitioner,             )
                                      )
      v.                              )
                                      )
SECRETARY OF HEALTH AND               )
HUMAN SERVICES,                       )
                                      )
              Respondent.             )
                                      )
*************************************
```

Garry Rehn, *pro se*, North Branch, Minnesota.

Phyllis Widman, Widman Law Firm, LLC, Ocean City, New Jersey, on behalf of herself as former attorney for petitioner.

Adriana Teitel, Trial Attorney, Torts Branch, Civil Division, United States Department of Justice, Washington, D.C. for respondent. With her on the briefs were Benjamin C. Mizer, former Principal Deputy Assistant Attorney General, Civil Division, and C. Salvatore D'Alessio, Acting Director, Catharine E. Reeves, Acting Deputy Director, and Heather L. Pearlman, Assistant Director, Torts Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER[1]

LETTOW, Judge.

Phyllis Widman, as former attorney for petitioner Garry Rehn, requests that this court review Special Master Millman's decision denying attorneys' fees and costs with regard to Ms.

---

[1]In accord with the Rules of the Court of Federal Claims ("RCFC"), App. B ("Vaccine Rules"), Rule 18(b), this opinion and order is being filed initially under seal. By rule, the parties have fourteen days in which to propose redactions.

Widman's work on this case. *See* Pet'r's Mem. in Support of her Mot. for Review ("Widman Mem."), ECF No. 72-1. The case was initiated on October 20, 2014, when petitioner filed a petition pursuant to the National Vaccine Injury Compensation Program,[2] alleging that he "suffered reactive airway disease, acute respiratory distress, tachypnea, fever, cough, shortness of breath, chest tightness, headache, body aches, dizziness and weakness, pneumonia, pleurisy, and pancreatitis caused by the influenza ('flu') vaccination he received on October 26, 2011." *Rehn v. Sec'y of Health & Human Servs.*, No. 14-1012V, 2016 WL 6948458, at *1 (Fed. Cl. Spec. Mstr. Oct. 31, 2016) ("*Rehn V*"). Petitioner was initially represented by Randall G. Knutson, until he filed a motion on June 1, 2015 to substitute Ms. Widman as counsel in place of Mr. Knutson. *Id.* at *2. Ms. Widman thereafter served as petitioner's counsel until she filed a motion to withdraw on April 20, 2016, which the special master granted on May 23, 2016. *Id.* Petitioner proceeded *pro se* until August 30, 2016, when he asked the special master during a status conference to dismiss his case. *Id.* at *3. That same day, the special master dismissed petitioner's case for failure to prove prima facie grounds for relief. *Id.*

Concurrently with Ms. Widman's motion to withdraw as counsel, petitioner filed a motion for interim attorneys' fees for the work performed by Ms. Widman. Mot. for Interim Fees & Costs, ECF No. 52. The special master did not act on that motion at the same time she decided Ms. Widman's motion to withdraw as counsel. Rather, the special master addressed Ms. Widman's motion on October 31, 2016, over five months after granting the withdrawal, denying the motion for fees and costs because the special master concluded that there was no reasonable basis for petitioner's claim when Ms. Widman took over as counsel. *See generally Rehn V*, 2016 WL 6948458. Acting after a grant of leave by the special master, Ms. Widman filed a motion for review of the special master's decision on November 30, 2016, and respondent filed a motion to dismiss Ms. Widman's motion for review for lack of jurisdiction on December 19, 2016. Both motions are now pending before the court. For the reasons stated, the court denies respondent's motion to dismiss, denies Ms. Widman's motion for review, and affirms Special Master Millman's decision to deny petitioner's motion for attorneys' fees and costs with regard to the work performed by Ms. Widman.

## BACKGROUND

### A. Mr. Rehn's Medical History

"Mr. Rehn has a complex medical history." *Rehn v. Sec'y of Health & Human Servs.*, 126 Fed. Cl. 86, 88 (2016) ("*Rehn II*"). Prior to October 26, 2011, the date on which he received the flu vaccination at issue in this case, "Mr. Rehn had elevated triglycerides, anxiety, hypertension, sleep apnea, lipid disorder, muscle cramps, and a herniated disc." *Id.* at 88-89 (citations omitted). He was also diagnosed with chronic pain syndrome on May 25, 2011. *Id.* at 89. He was hospitalized from November 2 to 7, 2011, after being diagnosed with reactive airway disease and pneumonia. *Id.* From December 2 to 11, 2011, Mr. Rehn was hospitalized again for acute pancreatitis. *Id.* Multiple examinations in 2012, however, did not show evidence

---

[2]The program was instituted by and under the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-1 to 300aa-34) ("Vaccine Act" or "Act").

of chronic pancreatitis. *Id.* Mr. Rehn was hospitalized for a third time from March 25 to 28, 2014 due to chest pain, and he received a pacemaker and a defibrillator. *Id.*

On October 30, 2015, petitioner visited a doctor to seek a second opinion regarding whether there were "any antibodies to explain" his joint pain. *Rehn V*, 2016 WL 6948458, at \*4 (citing medical records, ECF No. 36). The doctor found no evidence that Mr. Rehn had inflammatory arthritis, but did recommend testing for Behcet's disease, an autoimmune disorder, due to a positive HLA-B27 result. *Id.* On December 14, 2015, Dr. Arthur E. Brawer evaluated petitioner "via referral by his vaccination filing attorney" and referred him to the Ig-G4-Related Disease Program at Massachusetts General Hospital. *Id.* (citing medical records, ECF No. 38). Mr. Rehn underwent testing at Massachusetts General Hospital in early 2016. *Id.* (citing medical records, ECF No. 44). He was found not to have any evidence of Ig-G4-related disease, and the testing also showed no evidence of active chronic pancreatitis or inflammation. *Id.* In sum, the medical records provided to the special master show that Mr. Rehn did not receive a definitive diagnosis with regard to the claims in his petition before or during the pendency of his vaccine claim.

### B. Procedural History

At the time Ms. Widman took over for Mr. Knutson as petitioner's attorney in June 2015, petitioner had represented to the special master that he was trying to obtain an expert report from a treating physician to support his case. *Rehn V*, 2016 WL 6948458, at \*1-2. On July 31, 2015, petitioner filed a letter written by Jenny Enstrom, PA-C, a physician's assistant who stated that she could not "directly relate Mr. Rehn's recent medical conditions with receiving the flu shot." *Id.* at \*2 (citing medical records, ECF No. 18) (internal quotation marks omitted). Shortly thereafter, on August 11, 2015, Ms. Widman filed an amended petition on behalf of Mr. Rehn, alleging that the flu vaccine caused "significant aggravation of an unidentified autoimmune disorder." *Id.* (citing Am. Pet. for Vaccine Compensation, ECF No. 25). Ms. Widman subsequently submitted a number of medical records on petitioner's behalf, but these records failed to show that petitioner had a medical condition connected to his receipt of the flu vaccine in 2011. *See id.* During a status conference held on March 22, 2016, the special master explained to Ms. Widman that "petitioner would need to be diagnosed with a condition before he attempted to prove causation." *Id.*

On April 20, 2016, Ms. Widman filed a motion to withdraw as counsel from petitioner's case. Mot. to Withdraw as Counsel, ECF No. 53. On the same day, she filed on behalf of petitioner a motion for interim attorneys' fees,[3] seeking $22,830 in attorneys' fees for work performed by Ms. Widman, $3,687.50 in attorneys' fees for work performed by Mr. Knutson during this court's review of the special master's first interim fee decision, and $3,245.01 in

---

[3]Petitioner had previously filed a motion for interim attorneys' fees for the work performed by Mr. Knutson prior to his withdrawal from the case. Req. for Interim Fees, ECF No. 29. The special master granted petitioner's motion and awarded $14,152.65 for the work performed by Mr. Knutson. *Rehn v. Sec'y of Health & Human Servs.*, No. 14-1012V, 2015 WL 9412813, at \*6 (Fed. Cl. Spec. Mstr. Dec. 1, 2015) ("*Rehn I*"). Respondent filed a motion for review of the fee award, whereupon this court denied respondent's motion and affirmed the special master's decision. *Rehn II*, 126 Fed. Cl. 86.

attorneys' costs. Mot. for Interim Fees & Costs at 2. The special master granted Ms. Widman's motion to withdraw on May 23, 2016, and petitioner subsequently proceeded *pro se*. *Rehn V*, 2016 WL 6948458, at *2. On June 9, 2016, the special master partially granted the motion for interim attorneys' fees, awarding $3,687.50 to petitioner for the work performed by Mr. Knutson and reserving judgment on the issues of attorneys' fees and costs for the work performed by Ms. Widman. *Rehn v. Sec'y of Health & Human Servs.*, No. 14-1012V, 2016 WL 3606064, at *1 (Fed. Cl. Spec. Mstr. June 9, 2016) ("*Rehn III*").

Following Ms. Widman's withdrawal from the case, the special master explained to petitioner during a status conference held on June 6, 2016 that "he had not proven causation because he had not filed medical records or an expert medical opinion supporting his claim that the flu vaccine caused him to develop the injuries outlined in his amended petition." *Rehn V*, 2016 WL 6948458, at *3. On July 7, 2016, petitioner filed an additional letter from Ms. Enstrom that stated petitioner "ha[d] been seen by two different specialists who do feel that [his] medical issues are directly related to the flu shot and that these are [the] side effects." *Id.* (quoting Letter from Jenny E. Enstrom, PA-C, June 21, 2016, ECF No. 61-1) (internal quotation marks omitted). The special master explained to petitioner that the letter did not prove his case because Ms. Enstrom is not a doctor and therefore not a medical expert. *Id.* On August 30, 2016, petitioner represented to the special master that "he had been unable to find a doctor to support his case" and requested that the case be dismissed. *Id.* The special master dismissed the petition the same day "for failure to prove a prima facie case." *Id.*; *Rehn v. Sec'y of Health & Human Servs.*, No. 14-1012V, 2016 WL 5390170, at *1 (Fed. Cl. Spec. Mstr. Aug. 30, 2016) ("*Rehn IV*").

On October 31, 2016, the special master denied petitioner's motion of April 20th with regard to attorneys' fees and costs for Ms. Widman. Because the petition had been dismissed by the time of that decision, the motion was treated as a motion for final, rather than interim, attorneys' fees and costs. *Rehn V*, 2016 WL 6948458, at *1. The special master held that while petitioner had a reasonable basis for his claim when it was originally filed, a reasonable basis no longer existed when Mr. Knutson withdrew and Ms. Widman took over as petitioner's counsel. *Id.* at *6-8. Ms. Widman "should have been on notice that reasonable basis would likely be at issue in this case" after Mr. Knutson spent seven months searching for support for petitioner's case with no success. *Id.* at *7. The evidence failed to show that before deciding to represent Mr. Rehn, Ms. Widman had taken reasonable steps, such as reviewing medical records, speaking to petitioner's former counsel, or asking a medical expert to review the case, to determine whether petitioner had a reasonable basis for his claim. *See id.* at *7-8. Because there was no reasonable basis for petitioner's claim during Ms. Widman's representation, the special master found that an award of attorneys' fees and costs to petitioner for Ms. Widman's work was inappropriate under the Vaccine Act. *Id.* at *8.

On November 30, 2016, Ms. Widman filed a motion for leave to file a motion for review of the special master's decision denying final attorneys' fees and costs. Leave to File Mot. for Review, ECF No. 70. Over respondent's objection, the special master granted Ms. Widman's motion for leave. Order of Nov. 30, 2016, ECF No. 71. In her motion for review, Ms. Widman claims that the special master's denial of attorneys' fees and costs was an abuse of discretion. *See generally* Widman Mem. She argues that there was a reasonable basis for petitioner's claim

during the time she represented petitioner, and that she performed appropriate research and screening before deciding to take on the case. *Id.* at 7-10.

Respondent subsequently filed a motion to dismiss Ms. Widman's motion for review, claiming that the court lacks jurisdiction to decide Ms. Widman's motion because she is not a party and no longer represents petitioner in this case. *See generally* Resp't's Mot. to Dismiss the Mot. for Review ("Resp't's Mot."), ECF No. 75. Both Ms. Widman's and respondent's motions have been fully briefed and are ready for disposition.

## JURISDICTION

This court has jurisdiction to review a special master's decision under the Vaccine Act and may take one of the following actions upon review of the decision:

> (A) uphold the findings of fact and conclusions of law of the special master and sustain the special master's decision,

> (B) set aside any findings of fact or conclusion of law of the special master found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and issue its own findings of fact and conclusions of law, or

> (C) remand the petition to the special master for further action in accordance with the court's direction.

42 U.S.C. § 300aa-12(e)(2); *see Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 700 (2016). Generally, to obtain review of a special master's decision, a party must file a motion for review with the clerk of this court. *See* 42 U.S.C. 300aa-12(e)(1); Vaccine Rule 23.

Respondent argues that Ms. Widman did not have standing to file her motion for review because she is not a party to the action and did not file her motion as the representative of a party, but rather filed on her own behalf. *See* Resp't's Mot. at 1, 5. Respondent contends that Ms. Widman effectively is attempting to intervene as a third party in petitioner's case and that such intervention is expressly disallowed by Vaccine Rule 15, *see id.* at 5, which only provides "interested individuals an opportunity to submit relevant written information" regarding the petition, Vaccine Rule 15; *see also Brannigan v. Sec'y of Health & Human Servs.*, No. 14-675V, 2016 WL 7338616, at *1-2 (Fed. Cl. Nov. 23, 2016) (holding that petitioner's former attorney did not have standing to seek review of a decision by a special master regarding attorneys' fees and costs because the attorney was not a party and the special master had granted the attorney leave to file the initial motion under Vaccine Rule 15 after the attorney had already withdrawn).

Unlike in *Brannigan*, where the attorney filed her motion for fees and costs after her motion to withdraw had been granted, petitioner filed the initial motion for attorneys' fees and costs for the work performed by Ms. Widman while Ms. Widman still represented petitioner in the ongoing vaccine injury compensation case. *See Rehn V*, 2016 WL 6948458, at *2. This initial motion was proper and timely filed. *See* Vaccine Rule 13. The government's motion, however, draws on the fact that the special master did not make any decision regarding fees for

Ms. Widman until October 31, 2016, more than five months after the special master granted Ms. Widman's motion to withdraw as counsel. *See* Resp't's Mot. at 1, 5. The Vaccine Rules do not mandate any specific time for issuing a decision on attorneys' fees and costs, and the delay in acting on the request for fees and costs in this case occurred independent of any action or inaction by Ms. Widman. In short, Ms. Widman had standing when the motion for attorneys' fees and costs was initially filed because she was a representative of a party at that time, and the salient question is whether that standing was destroyed by the special master's issuance of the fee decision after granting Ms. Widman's motion to withdraw. The question might alternatively be framed as whether, after the dismissal of the petition had been entered, the special master retained jurisdiction to address ancillary issues that had not been resolved by entry of the judgment of dismissal, *i.e.*, whether the special master kept jurisdiction to consider and decide the motion for fees and costs that was pending when the judgment of dismissal was entered. By her actions, the special master certainly considered that she kept that decisionmaking power.

Here also, Ms. Widman appropriately sought leave of the special master to file her motion for review, which the special master granted. In *Reiling v. Sec'y of Health & Human Servs.*, 128 Fed. Cl. 54 (2016), an attorney who had withdrawn as counsel was found not to have standing to seek review of a denial of attorneys' fees and costs because he did not seek leave of the special master to file the motion for review, but rather filed his motion directly in this court. *Id.* at 59-60. The court held that the special master's prior grant of leave to file a reply brief after the attorney missed a deadline did not constitute "indefinite leave to participate in [petitioner's] vaccine claim as a third-party, despite having withdrawn as counsel to the petitioner." *Id.* at 59. In this case, however, the special master specifically granted Ms. Widman's motion for leave to file a motion for review in this court, noting that the motion was timely filed under Vaccine Rule 23 and that granting the motion was in the "interest of allowing the case to be decided on the merits." Order of Nov. 30, 2016, ECF No. 71. This decision was properly within the special master's discretion. Combined with the fact that Ms. Widman had standing to seek review when her motion for attorneys' fees was initially filed, the special master's subsequent grant of Ms. Widman's motion for leave to seek review is sufficient to support standing in this court. Therefore, the court has jurisdiction to consider Ms. Widman's motion for review of the special master's denial of attorneys' fees and costs, and respondent's motion to dismiss is denied.

## STANDARD OF REVIEW

A special master's determinations of law are reviewed *de novo*, findings of fact are reviewed for clear error, and discretionary rulings are reviewed for abuse of discretion. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1354-55 (Fed. Cir. 2011) (citations omitted). The Vaccine Act provides that a court may award attorneys' fees and costs incurred by a petitioner in pursuing an ultimately unsuccessful vaccine-injury petition if that petition "'was brought in good faith and there was a reasonable basis for the claim for which the petition was brought.'" *Sebelius v. Cloer*, ___ U.S. ___, ___, 133 S. Ct. 1886, 1890 (2013) (quoting 42 U.S.C. § 300aa–15(e)(1)). The decision of whether a particular petition was brought in good faith and had a reasonable basis at the time of filing, and therefore that counsel would be entitled to attorneys' fees, is within the discretion of the special master and is generally reviewed for abuse of discretion. *Davis v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 627, 633 (2012) (citing *McKellar v. Sec'y of Health & Human Servs.*, 101 Fed. Cl. 297, 305 (2011) (in turn citing *Saxton*

*ex rel. Saxton v. Sec'y of the Dep't of Health & Human Servs.*, 3 F.3d 1517, 1520 (Fed. Cir. 1993))).

This court will only find an abuse of discretion when, as set out by the Federal Circuit in other contexts, the special master's decision "(1) is clearly unreasonable, arbitrary, or fanciful; (2) is based on an erroneous conclusion of law; (3) rests on clearly erroneous fact findings; or (4) follows from a record that contains no evidence on which the [special master] could rationally base [his] decision." *Davis*, 105 Fed. Cl. at 633 (2012) (quoting *Ninestar Tech. Co. v. International Trade Comm'n*, 667 F.3d 1373, 1379 (Fed. Cir. 2012)) (alterations in original). This deferential standard "is not a rubber stamp." *Id.* (citations omitted). The special master must provide sufficient findings and analysis to ensure that a reviewing court can adequately determine whether an abuse of discretion has occurred. *Caves v. Sec'y of Health & Human Servs.*, 111 Fed. Cl. 774, 779 (2013) (citations omitted). If, however, "the special master has considered the relevant evidence of record, drawn plausible inferences and articulated a rational basis for the decision, reversible error will be extremely difficult to demonstrate." *Hall*, 640 F.3d at 1355 (quoting *Hines v. Sec'y of Health & Human Servs.*, 940 F.2d 1518, 1528 (Fed. Cir. 1991)).

## ANALYSIS

The government concedes and the special master acknowledged that the petition was filed in good faith. *Rehn V*, 2016 WL 6948458, at *6. The denial of fees was based upon the special master's finding that the petition lacked a reasonable basis when Ms. Widman took over as petitioner's attorney. *Id.* at *6-8. "The presence of a reasonable basis is an objective consideration determined by the totality of the circumstances." *McKellar*, 101 Fed. Cl. at 303. That totality encompasses any jurisdictional questions, the factual basis and medical support for the petition, any legal issues that arise, and the circumstances under which the petition was filed. *Chuisano v. United States*, 116 Fed. Cl. 276, 288 (2014) (citation omitted). This latter consideration includes a temporal assessment – a petition that had a reasonable basis at the time of filing may not continue to have a reasonable basis throughout its pendency. *See Perreira v. Sec'y of the Dep't of Health & Human Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (confirming that a special master may not award fees to a petitioner's attorney after the point in time when it was evident there was no longer a reasonable basis for the petition); *see also Chuisano*, 116 Fed. Cl. at 289 ("[T]he [Vaccine Act] . . . permit[s] the reexamination of a claim's reasonable basis if a notable change in circumstance should arise (such as here, when the original counsel was unable to find an expert to support causation, but substitute counsel continued with the litigation anyway).").

This court previously held that there was a reasonable basis for petitioner's claim while petitioner was represented by Mr. Knutson. *Rehn II*, 126 Fed. Cl. at 92-93. Nonetheless, thereafter the special master dismissed the petition for failing to prove a prima facie case, determining that petitioner's claim did not have a reasonable basis. *See Rehn V*, 2016 WL 6948458, at *6-8. Ms. Widman asserts, however, that the reasonable basis for the claim continued throughout her representation of petitioner, specifically arguing that she diligently pursued new theories of the case by seeking out medical opinions to support petitioner's claims. *See* Widman Mem. at 8-10. The special master found, however, that there was no longer a

7

reasonable basis for petitioner's claim after Mr. Knutson withdrew, and Ms. Widman should have recognized that the case did not have a reasonable basis before she took it on. *Rehn V*, 2016 WL 6948458, at *6-8.

The special master did not abuse her discretion in finding that petitioner's claim did not have a reasonable basis during the pendency of Ms. Widman's representation. The special master observed that "Mr. Knutson spent approximately seven months attempting to find expert support for petitioner's case," and in that time he was unable to find such support. *Rehn V*, 2016 WL 6948458, at *6; *see also* Aff. of Randall Knutson ¶¶ 3-6, ECF No. 77-1. Mr. Knutson's withdrawal from the case without finding a credible expert witness thus acted as a "signal" to Ms. Widman about the weakness of the case, and Ms. Widman should have been on notice that there may not have been a reasonable basis for petitioner's claim. *Rehn V*, 2016 WL 6948458, at *7.

Ms. Widman argues that the special master imposed a duty on her to "know the progress, extent and details of the prosecution of [petitioner's] claim [as] controlled by the previous attorney, before taking over [the] case as subsequent counsel." Widman Mem. at 2. However, the special master did not hold Ms. Widman to such an exacting standard. Counsel has a duty to evaluate whether a claim continues to have a reasonable basis, *see Perreira*, 33 F.3d at 1377, and that duty is magnified when counsel should be aware of the potential weakness of a claim, *see Rehn V*, 2016 WL 6948458, at *7. To fulfill that duty, counsel may, for example, "choose to speak with the potential client's former counsel, ask a medical expert to take a look at the case, or see the results of certain medical tests before he or she agrees to take the case." *Id.*

The special master noted, and the court agrees, that Ms. Widman did not reasonably fulfill her duty to evaluate whether petitioner's claim had a reasonable basis before taking him on as a client. She had access to a summary of petitioner's medical records because the special master had previously issued such a summary and explained the necessary prerequisites to prove petitioner's claim. *See id.* at *7-8; *see also* Order of Dec. 8, 2014, ECF No. 8. Additionally, petitioner reportedly told Ms. Widman before the representation that he had been unable to find an expert to support his claim while Mr. Knutson had been his attorney, *see* Widman Mem. at 4, indicating that Ms. Widman was on notice that petitioner's claim may not have had a reasonable basis. Despite these warning signals, Ms. Widman relied on "the temporal closeness between petitioner's receipt of the flu vaccine and alleged onset of his symptoms," a basis for causation not substantiated by any of the summarized medical records or later-sought expert opinions. *Rehn V*, 2016 WL 6948458 at *7. Further, Ms. Widman relied on the amended petition she filed to argue that petitioner had an autoimmune disorder stemming from the vaccination. *Id.* at *8. The court agrees with the special master that the amended petition does not support a continued reasonable basis for petitioner's claim during Ms. Widman's representation, because "these indications of a possible autoimmune disorder were present when Mr. Knutson had the case, and he was unable to find expert support." *Id.*[4]

---

[4]Ms. Widman also argues that the special master should have alerted her that a reasonable basis for the claim had been lost at some time during her representation of petitioner. Widman Mem. at 5, 6, 10. The special master has no such obligation; rather, counsel bears the risk of taking on a claim that may not have a reasonable basis to move forward. *See Rehn V*, 2016 WL

Mr. Rehn's complex medical history and conditions prevent drawing a bright line regarding when petitioner's claim lacked a reasonable basis. Even so, the totality of the circumstances indicate that petitioner had lost the reasonable basis for his claim by the time that Ms. Widman became his attorney. Therefore, the special master did not abuse her discretion in determining that Ms. Widman is not entitled to attorneys' fees and costs for the work she performed on petitioner's case.

## CONCLUSION

For the reasons stated, respondent's motion to dismiss Ms. Widman's motion for review is DENIED, Ms. Widman's motion for review of the special master's decision denying attorneys' fees and costs is DENIED, and the special master's decision to deny attorneys' fees and costs with regard to work performed by Ms. Widman is AFFIRMED. Acting pursuant to Vaccine Rule 34(b), the court DENIES as moot Ms. Widman's motion for an award of additional attorney's fees, filed November 30, 2016, ECF No. 73.

It is so ORDERED.

Charles F. Lettow
Judge

---

6948458, at *7. Additionally, the special master raised concerns regarding the lack of support for petitioner's allegations throughout the proceedings. *See, e.g.*, Order of Dec. 8, 2014; Order of Aug. 13, 2015, ECF No. 26.